1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11    ANTHONY DIAZ                              No. 2:24-cv-04670-JAK (MARx)

              Plaintiff,                         **ORDER TO SHOW CAUSE RE**
12                                               **FAILURE TO PROSECUTE**

13    v.

14    NORDSTROM, INC., et al.,

15            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28                                      1

On November 25, 2024, an Order issued granting Defendant Nordstrom's Motion to Compel Arbitration. Dkt. 27. The Order required Plaintiff to submit to arbitration all claims except Plaintiff's non-individual PAGA claim. *Id.* at 8. The Order further entered a stay of the action pending the resolution of the arbitration. *Id.* The Order also required periodic status reporting on the earlier of 60 days or within 10 days of the conclusion of the arbitration process, with the first report to be filed on or before January 27, 2025.

The parties have filed five Joint Status Reports pursuant to the November 25, 2024 Order. Dkts. 30; 31; 34; 35; 36. According to the most recent Joint Status Report, which was filed on September 24, 2025, Plaintiff still "has not filed a demand for arbitration regarding his individual claim for PAGA penalties." Dkt. 36 at 2. No explanation has been provided by the parties as to Plaintiff's 10-month delay in initiating arbitration.

The Ninth Circuit has held that a district court's stay of litigation pending arbitration does not divest the Court of jurisdiction to dismiss a case for lack of prosecution where the plaintiffs fail to timely "go[] forward with the arbitration in good faith." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653–54 (9th Cir. 1991). Further, courts have dismissed claims subject to an arbitration stay for failure to file an arbitration demand within similar timelines as in the present case. *See, e.g.*, *Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA, 2012 WL 3877668, at *1 (N.D. Cal. Sept. 6, 2012) (dismissing claims subject to an arbitration stay when plaintiff did not initiate arbitration for fourteen months).

Based on the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** no later than October 8, 2025 why this action should not be dismissed for lack of prosecution. In responding to this Order to Show Cause, Plaintiff must explain why arbitration has not been timely initiated and provide a date certain by which Plaintiff intends to initiate arbitration. Defendant may also file a response to this Order to Show Cause no later than October 14, 2025. The filing of a Joint Status Report, on or before October 8, 2025,

2

stating that arbitration has been initiated by Plaintiff will be considered as a satisfactory response to this Order to Show Cause, and will result in its being discharged.

**IT IS SO ORDERED.**

Dated:   9/26/25

John A. Kronstadt

United States District Judge

3